OPINION
{¶ 1} This appeal involves a confirmation of sale by the trial court on August 30, 2002. Appellant, Charles McInnes, individually and as executor of the estate of Ella McInnes, filed an appeal and assigned the following as error:
 I {¶ 2} "the Trial Court Committed Error Prejudicial To The Defendant In Confirming The Foreclosure Sale Of The Subject Premises Without First Conducting An Evidentiary Hearing To Consider The Merits Of The Defendants' Objection To Confirmation Of Sale."
 I {¶ 3} Appellant claims the trial court erred in not granting an evidentiary hearing on his objection to the confirmation of sale.
 {¶ 4} Because this case has a substantial procedural history, we believe we must first revisit the issue of mootness which was the subject of appellee's motion to dismiss filed on October 21, 2002 and denied by this court on November 8, 2002.
 {¶ 5} On July 31, 2002, the Stark County Sheriff filed a return of order of sale of the subject premises. On August 2, 2002, appellant objected to the appraisals and requested a denial of the confirmation of sale. On August 19, 2002, appellant filed a motion for reappraisal. On August 26, 2002, the trial court denied the motion for reappraisal and overruled the request to deny the confirmation of sale. On August 30, 2002, the trial court ordered the confirmation of sale. On September 13, 2002, a Writ of Possession was issued to the Stark County Sheriff. Appellant filed his notice of appeal on September 30, 2002, stating the judgment entry appealed from was the August 30, 2002 order confirming the sale.
 {¶ 6} No stay was requested, nor was any kind of stay granted by the trial court or this court. Appellant assigns as error the trial court's failure to conduct an evidentiary hearing on his objection to the confirmation of sale. Said objection was based on a claimed defect in the appraisals done on January 9, 2002.
 {¶ 7} Without a stay order and/or bond, the property can legally be transferred to the purchasers and the proceeds can be used to satisfy the debts against the property. Appellee's debt has been satisfied, but there are other outstanding creditors whose debts have not been satisfied by the order of sale. Appellant argues he is seeking to protect those creditors. In appellant's prayer for appellate relief, he requests that the judgment entry confirming the sale be vacated and the deed to the purchasers be vacated as well as the order of distribution. Appellant asks this court to unpeel the apple.
 {¶ 8} Upon review, we find the issue is moot and hereby dismiss the appeal. There was no satisfaction of judgment but an order of sale to third parties unrepresented and not served by the parties.
 {¶ 9} If there was an appeal issue, it would have been from the August 28, 2002 denial of the objection and no such appeal was taken. We further note neither Loc.R. 25.02 nor 10.01 of the Court of Common Pleas of Stark County, General Division require an evidentiary hearing on objections to a sale. Therefore, even if the matter is not moot, the assignment of error is denied.
 {¶ 10} The appeal is dismissed.
By Farmer, J., Gwin, P.J. and Wise, J. concur.